UNITED STATES

v.

**Sergeant Phillip G. GAYLORD, FR 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, 619th Military Airlift Support Squadron, 15th Air Base Wing (PA-CAF).**

ACM 22098.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 May 1976.

Decided 15 Oct. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

PER CURIAM:

The accused pleaded guilty to three specifications alleging wrongful sale of lysergic acid diethylamide (LSD) and one specification of wrongfully transferring marijuana. All offenses were charged as violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Convicted, consonant with his pleas, the accused was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for 11 months, to forfeit $240.00 per month for 11 months and to be reduced in grade to airman basic.

The accused has asserted four errors in his request for appellate representation. We need address only one of these; those remaining are without merit.

The accused alleges that the military judge erred in denying the motion to dismiss Specification 2 of the Charge on the basis that the offense, off-base sale of LSD, was not "service-connected" within the meaning of *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). We disagree.

On 13 September 1975, the accused sold a quantity of LSD to Staff Sergeant Juan Cruz (Specification 1 of the Charge). This offense occurred on base. At the time, Cruz was acting as a "controlled source" for the Office of Special Investigations (OSI). Subsequently, on 30 October 1975, while in the accused's barracks room, the accused displayed some LSD tablets and advised Cruz that he should contact him later if he wanted to make a purchase. Thereafter, Sergeant Cruz telephoned the accused and

was instructed to meet him at the off-base location where the sale in issue took place.

We believe the following factors are sufficient to establish that the military had an overriding, if not exclusive, interest in prosecuting this offense:[1]

1. The formation of the criminal intent for the offense on base.

2. The flouting of military authority.

3. The threat posed to military personnel and the military community.

Of the four offenses of which the accused was convicted, three occurred on base and the fourth, as indicated above, was planned on base. Further, each crime involved the wrongful sale or transfer of drugs to another serviceman. Of utmost significance, however, is the fact that all of the offenses were interrelated in that they pertained to a continuing course of criminal conduct on the accused's part. Under these circumstances, the military court-martial clearly was the proper forum for trying these related offenses. See *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *United States v. Rockwell*, 49 C.M.R. 235, 238 (A.F.C.M.R.1974), pet. denied, 2 M.J. 1064 (1975).[2]

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

**UNITED STATES**

---

1. *United States v. McCarthy*, 2 M.J. 26 (1976).

2. In our discussion of the *Gosa* opinion in *Rockwell*, we noted:

    One implication arising from the combination of the three expressed opinions with regard to service connection in *Gosa*, and the "forum appropriateness" holding of the plurality, is that if a serviceman is properly before a court-martial on charges alleging a clearly service connected offense, he might also be tried for a nonservice connected offense.